Burnett *v.* Vredenburgh.

For reversal—BEASLEY, C. J., DEPUE, DIXON, PARKER, REED, VAN SYCKEL, COLE, GREEN—8.

For affirmance—DODD, WHITAKER—2.

WILLIAM H. BURNETT, appellant,

*v.*

CAROLINE VREDENBURGH, respondent.

On appeal from a decree advised by Vice-Chancellor Van Fleet, whose opinion is published in *Vredenburgh* v. *Burnett, 4 Stew. Eq. 229.*

The question involved in this case is the priority of mortgages. One is held by the respondent and one by appellant. Both claim priority. Both mortgages were made by W. S. Leonard and wife to A. G. Plume and Mary J. Lockwood. Both are dated April 1st, 1871. Both cover the same premises. Both are stated on their face to have been given for purchase-money. The respondent's mortgage is for the sum of $4,000 ; was acknowledged May 20th, 1871 ; was recorded May 23d, 1871; was assigned to Eliza Rooney May 22d, 1871. In the assignment, Plume guarantees the payment of the mortgage debt. July 12th, 1877, Mrs. Rooney assigned the mortgage to the complainant. The mortgage held by the appellant was acknowl-edged May 20th, 1871 ; was recorded May 22d, 1871, at half-past nine A. M. The history of these two mortgages, and the transaction out of which they arose, is this :

In the fall of 1870, Leonard, the mortgagor, agreed to pur-chase a lot of Plume and Lockwood, on Third avenue, in Newark, on which they were to erect for him a dwelling house. The lot was twenty-five by one hundred and fifty feet. He was to pay them a certain amount in cash, and

give back a mortgage as for the purchase-money, for $4,000. In February, 1871, he agreed to purchase an additional lot adjoining for $1,500, giving a mortgage for the purchase-money to cover both lots. He paid the purchase-money to be paid in cash. When the deed was made from Plume and Lockwood to Leonard, it conveyed the two lots by one description. Two mortgages, with bonds accompanying, were sent by Plume to Leonard to be executed. Leonard says he executed them, supposing and believing that they had been drawn according to his agreement with Mr. Plume. In fact, both mortgages covered the entire premises. Plume says that at the date of the assignment to Mrs. Rooney, he stated to her agent, Mr. Wilkinson, that the $4,000 mortgage was first in priority. Mr. Burnett states that Mr. Plume assured him at the date of the assignment to him of the $1,500 mortgage, that it was a first lien on the lot last sold to Leonard, and second on the lot first sold, and that he had been so assured before he took it, by Mr. Leonard, the mortgagor. He further states that he purchased the mortgage for its full value in good faith, supposing and believing that it was a first lien on the second lot, and that he had no intimation or knowledge to the contrary, or that it was claimed to the contrary, until about the time of the commencement of this suit.

*Mr. Joseph Coult*, for appellant, cited—

*Shannon* v. *Marselis, Sax. 413; Cornish* v. *Bryan, 2 Stock. 146, 154; Westervelt* v. *Scott, 3 Stock. 80, 83; Danbury* v. *Robinson, 1 McCart. 213, 218; Conover* v. *Van Mater, 3 C. E. Gr. 481; Kamena* v. *Huelbig, 8 C. E. Gr. 78; Atwater* v. *Underhill, 8 C. E. Gr. 600, 606; Drake* v. *Bray, MS. 1821; Redfearn* v. *Terrier, 1 Dow 50; Murray* v. *Lylburn, 2 Johns. Ch. 441; 1 Story's Eq. Jur. § 399, note 3.*

*Mr. Aram G. Sayre*, for respondent, cited—

*Gausen* v. *Tomlinson, 8 C. E. Gr. 406; Holmes* v. *Stout, 2 Stock. 426; Tatem* v. *Green, 6 C. E. Gr. 364; Hoy* v. *Bramhall, 4 C. E. Gr. 572; Nichols* v. *Peak, 1 Beas. 69.*

Burnett v. Vredenburgh.

No written opinion was delivered on behalf of the majority of the court.

PARKER, J., dissenting.

This is an appeal from a decree of chancery in a foreclosure case. The question is as to priority of mortgages.

Both mortgages were executed on the same day, upon the same premises, to the same mortgagee, and both purported to be for purchase-money.

Both mortgages were assigned; one.to the complainant and the other to the defendant.

The mortgaged premises consisted of two adjoining city lots, on one of which was a house.

The mortgage assigned to defendant was first recorded.

There is no doubt that while the mortgagee held both mortgages, they were concurrent liens.

The mortgage now held by complainant was first assigned by the mortgagee, and the assignee was then told that it was first in order of priority on the whole premises. But such statement was not inserted in the deed of assignment.

Subsequently, the defendant purchased the other mortgage. He knew it was recorded first, and, by the registry, appeared prior to the mortgage held by complainant upon both lots.

Before paying his money for it, and taking an assignment, he was told upon inquiry of the mortgagee, who had previously assigned the mortgage which complainant holds, that the mortgage he was about to assign to him was second to complainant's mortgage on the house lot, but was first on the vacant lot.

The defendant did not know that at the time of the assignment of the mortgage to complainant, or at any other time, the mortgagee had stated that it was a first mortgage on the whole property.

The defendant was a *bona fide* assignee of the mortgage transferred to him, and he took it free from all latent or secret equities.

The defendant found the mortgage of which he was about to take an assignment first of record, and apparently prior to the other mortgage on both lots, but upon inquiry of the mortgagee,

who originally held both mortgages, and knew what was said at the time of the assignment of the mortgage the complainant holds, he was told that complainant's mortgage was first on the house lot, but was not first on the vacant lot. Upon receiving this information, the defendant paid his money and took an assignment of the mortgage.

The defendant was not bound to inquire further. The mortgagor could not give him any information, for he was not supposed to know what the mortgagee had said or done, when he assigned the mortgages, to affect their order of priority.

The defendant could have insisted upon the record, had he not been informed that it had been qualified to some extent. He is bound to the extent of the information he received, but no further. He was not obliged to seek further to contradict or qualify the record.

The complainant's mortgage should be paid first out of the proceeds of the sale of the house lot, but not first out of the proceeds of the vacant lot.

I think the decree should be reversed.

For affirmance—BEASLEY, C. J., DIXON, SCUDDER, VAN-SYCKEL, CLEMENT, COLE, DODD, GREEN—8.

For reversal—DEPUE, PARKER, REED—3.